[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14120
Non-Argument Calendar

_____

D. C. Docket No. 04-01270-CV-T-MSS

JAMES C. BOTHWELL,

                                                 Plaintiff-Appellant,

                          versus

RMC EWELL, INC.,
a Florida corporation,
RMC INDUSTRIES CORP.,
a Delaware corporation,

                                                 Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 21, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

This is James Bothwell's second appeal of the district court's grant of summary judgment to the defendants on his retaliation claims under § 623(d) of the Age Discrimination in Employment Act of 1967 and section 760.10(7) of the Florida Civil Rights Act of 1992.

**I**.

In 1986 RMC Ewell, Inc., a subsidiary of RMC Industries Corp., hired James Bothwell, then forty-four years old, as senior vice-president of sales for the western region. In 1994 Bothwell was promoted to western region area manager, another senior vice-president level position. In that position Bothwell received high performance evaluations and merit bonuses through 1998 and salary increases through February 2002.

In the fall of 2002, the decision was made to merge Ewell with another of RMC Industries' subsidiaries. As part of that process, Frank Leone, the then-president of Ewell, and Richard Buckelew, the president of the other subsidiary, decided to restructure Ewell from having corporate divisions based on geographic regions to having them based on function. As a result, Leone consolidated the eastern and western regions of the company and re-assigned Bothwell to be operations manager for the newly consolidated region. In that role, he was responsible for managing Ewell's ready-mix concrete plants and its truck drivers.

Bothwell, who was sixty at the time, wanted to be the sales manager, but the job was given to the fifty-year-old manager of another region. When Leone told Bothwell about this assignment, he also said that he was unhappy with the western region's performance and that Bothwell was slowing down and did not have the fire that he had when he was younger. Leone went on to state that he wanted "younger blood" at lower levels in the sales division.

In January 2003 Buckelew transferred Ewell's dispatch functions from the operations division to the sales division, meaning that Bothwell was no longer responsible for dispatch. Buckelew then created a dispatch manager position and assigned it to Lee Proffitt. Proffitt did not consult Bothwell on some of his decisions, including the appointment of a new plant manager, but—as Bothwell later admitted during his deposition—there was no indication that this was because of Bothwell's age. Bothwell did, however, believe that having dispatch functions removed from his control was the result of age discrimination, and, on March 19, 2003, he had an attorney send a letter to Leone saying as much. Leone later told Bothwell that he had "lost all respect" for Bothwell because of the letter.

Three weeks after Leone made that statement, he died from colon cancer. Leone did not make any employment decisions about Bothwell between receiving the letter and dying. After Leone's death, Buckelew took over Leone's duties. On

3

June 9, 2003 Buckelew met with Bothwell to tell him that the operations manager positions at Ewell and his own subsidiary would be consolidated and that Buckelew had chosen Dennis Upchurch for the job. The new position was responsible for, among other things, paver and cement operations. Upchurch, who is younger than Bothwell, had several years of experience in the paver industry; Bothwell had none. Bothwell and Buckelew talked about the possibility of Bothwell leaving Ewell, transferring to a different job within Ewell, or consulting for Ewell. That month, Ewell decided not to award Bothwell a salary increase for the first time since hiring him.

Two days after speaking with Buckelew, Bothwell became a vice-president in charge of "special projects." It was intended as a place-holder position to keep Bothwell on the payroll until an appropriate position for which he was qualified opened up in the reorganized company. While in his new position, Bothwell satisfactorily completed the one task Buckelew assigned him, which took approximately one month. During his time as vice-president of special projects, Bothwell neither asked about nor applied for other positions in the company.

In August 2003 Bothwell filed a charge with the Equal Employment Opportunity Commission, alleging age discrimination. On November 3 of that year, he was notified of Buckelew's decision to terminate Bothwell's employment

as of January 1, 2004 because there were no permanent positions available for him. During Ewell's merger between thirteen and fifteen employees lost their jobs, including at least one other regional manager, and many more were moved to different positions within the new company.

After receiving a right-to-sue letter from the EEOC, Bothwell filed an age discrimination and retaliation suit against Ewell and RMC Industries under the ADEA and the FCRA. The defendants filed a motion for summary judgment on both claims, and Bothwell filed a motion for partial summary judgment on the retaliation claim. The court granted summary judgment to the defendants on both claims and denied Bothwell's motion. The court found that, although Bothwell had alleged a prima facie case of age discrimination, he had not met his burden of showing that a reasonable jury could find that the defendants' reasons for the adverse employment actions were pretextual. Applying our standard for retaliation claims at the time, it also found that Bothwell had not made out a prima facie claim of retaliation because he could not show a sufficient causal link between his protected activities and the adverse employment actions.

Bothwell appealed the district court's grant of summary judgment to the defendants on his retaliation claim. Before we issued an opinion in his appeal, the Supreme Court issued its opinion in <u>Burlington Northern and Santa Fe Railway</u>

Co. v. White, 548 U.S. 53, 126 S. Ct. 2405 (2006), which changed some aspects of the law on retaliation. We therefore vacated and remanded the case for the district court to consider it in the first instance in light of Burlington Northern. The district court reached the same conclusions on remand, again granting summary judgment to the defendants, and Bothwell appealed.

## II.

Bothwell contends that the district court erred in granting summary judgment to the defendants on his retaliation claim. He first argues that the district court erred in granting summary judgment to the defendants by not viewing the record in the light most favorable to him as the non-moving party. However, "[w]e review de novo the district court's grant of summary judgment" and "[a]s a result, any error in how the district court viewed the facts is mooted by our decision of the issue anew." Zivojinovich v. Barner, ___ F.3d ___, ___, 2008 WL 1805821, at *6 (11th Cir. 2008).

Bothwell also argues that the district court erred in granting summary judgment to the defendants by holding that he did not make out a prima facie retaliation claim. To establish a prima facie claim for retaliation claim, a plaintiff must show that: (1) he engaged in a statutorily protected activity; (2) he suffered an action from his employer that a reasonable employee would have found to be

materially adverse; and (3) there is a causal link between the two events.[1]

Burlington N., 548 U.S. at ___, 126 S. Ct. at 2415; Sullivan v. Nat'l R.R.

Passenger Corp., 170 F.3d 1056, 1059 (11th Cir. 1999). If the plaintiff establishes

a prima facie case, the burden shifts to the employer to proffer a legitimate,

non-discriminatory reason for the adverse action. Crawford v. City of Fairburn,

482 F.3d 1305, 1308 (11th Cir. 2007). If the employer meets this burden, then the

burden shifts back to the plaintiff to show that the employer's proffered reason is

merely a pretext for retaliation. Id.

The three actions of which Bothwell complains are: (1) Leone's statement

that he had "lost all respect" for Bothwell; (2) Bothwell's assignment to special

projects, and (3) his termination. An action is materially adverse if it might

"dissuade[] a reasonable worker from making or supporting a charge of

discrimination. Burlington N., 548 U.S. at ___, 126 S. Ct. 2405, 2415 (2006).

Regarding Leone's comment, the district court correctly held that this was not an

action that a reasonable employee would find to be materially adverse. "[P]etty

slights, minor annoyances, and simple lack of good manners" are typically not

enough to support a retaliation claim, id., and Leone's isolated statement was no

---

[1] The elements of retaliation under the FCRA and the ADEA are the same, see Drago v. Jenne, 453 F.3d 1301, 1307 (11th Cir. 2006), so we need not consider Bothwell's FCRA retaliation claim separately.

7

more than a minor annoyance. Further, any animosity that Leone bore toward Bothwell for complaining of the alleged discrimination ceased to have any effect three weeks thereafter because of Leone's death.

Even assuming that Bothwell stated a prima facie case of retaliation on the other two adverse employment actions, the defendants are still entitled to summary judgment. They have proffered a legitimate, non-discriminatory reason for reassigning Bothwell and subsequently terminating him: When Ewell merged with the other RMC Industries subsidiary, the new company only needed one operations manager, and Upchurch was more qualified. There was no open position available for someone with Bothwell's qualifications, so the company kept him on for almost a year, waiting for one. After it became apparent that none would become available, Bothwell's employment was terminated.

The burden then rests on Bothwell to show that this reason is pretextual. Crawford, 482 F.3d at 1308. "[A] plaintiff employee may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason" so long as "the reason is one that might motivate a reasonable employer." Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1997). Bothwell argues that, if he was not doing his job well, then the defendants would have terminated his employment long before they did. However this ignores the

fact that he was not removed from his position as operations manager solely because of deficiencies in his job performance. He was removed because the merger made his position redundant and his counterpart at the other RMC Industries subsidiary was more qualified.

Bothwell also argues that the defendants' actions in putting evidence into the record both about Bothwell's professional shortcomings and about the lack of a position for him indicates that they are being disingenuous, which, in turn, is evidence of pretext. But the proffer of two legitimate reasons for an adverse employment action does not prove that the action was motivated by neither. See Chapman v. AI Transp., 229 F.3d 1012, 1037 (11th Cir. 2000) ("In order to avoid summary judgment, a plaintiff must produce sufficient evidence for a reasonable factfinder to conclude that each of the employer's proffered nondiscriminatory reasons is pretextual."). Bothwell has failed to show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [his] employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence," so the district court was correct in awarding summary judgment to the defendants. Combs, 106 F.3d at 1538 (internal quotation marks and citation omitted); see Bonanni Ship Supply, Inc. v. United States, 959 F.2d 1558, 1561 (11th Cir. 1992) (stating that an appeals court can

affirm a district court's order for any reason supported by the record).

AFFIRMED.